# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL COTA,<br>Plaintiff,<br><br>v.<br><br>COPPER HILLS YOUTH CENTER, *et al.*,<br>Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Case No. 2:22-cv-187-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff initiated this Section 1983 action on April 5, 2022. *See* Dkt. No. 6. That same day, the court ordered Plaintiff to file his inmate-account statement within thirty days. *See* Dkt. No. 5. Plaintiff failed to do so. The court then issued an order requiring Plaintiff to show cause no later than August 29, 2022 why this action should not be dismissed for failure to prosecute and to comply with the court's orders. *See* Dkt. No. 7. Plaintiff did not respond in any way to this order and over sixteen months have passed since he last communicated with the court.

Under Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the

courts' calendars" resulting from plaintiffs' "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Where dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).[1]

Plaintiff has disregarded both the order to file his inmate-account statement and the order to show cause. And he has done so despite explicit warnings that failure to comply with the court's orders would result in dismissal of this action.

In light of these actions, the court finds that Plaintiff has failed to (1) prosecute this action, (2) comply with this Court's orders, or (3) show good cause why this action should not be dismissed. The court accordingly dismisses Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, dismissal is without prejudice.

---

[1] When dismissal is with prejudice—either by its terms or in effect—the court must consider "(1) the degree of actual prejudice to [Defendant]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). Although, in the interest of justice, the court will dismiss this action without prejudice, the court believes the *Ehrenhaus* factors would support dismissal with prejudice given Plaintiff's repeated failures to comply with court orders despite his demonstrated ability to file papers with this court, Plaintiff's lengthy failure to communicate with the court in any way, and the court's clear notice to Plaintiff of the consequences of his failure to respond to its orders.

**IT IS SO ORDERED.**

                                    DATED this 17th day of August, 2023.

                                    BY THE COURT:

                                    _____

                                    Howard C. Nielson, Jr.
                                    United States District Judge